KATE FOWLER MERLE-SMITH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARGARET B. FOWLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 4584, 4586, 7957, 7958, 16958, 18564.
Promulgated February 26, 1931.

*Talbert W. Sprague, Esq.*, for the petitioners.
*G. S. Borden, Esq.*, for the respondent.

OPINION.

ARUNDELL: In decisions in these proceedings reported in 11 B. T. A. at pages 254 and 265 we held that the respondent had erred in allowing deductions to the petitioners on account of the removal of iron ore from property embraced in trusts under which the petitioners are beneficiaries. On appeal the Circuit Court of Appeals for the Second Circuit held otherwise (42 Fed. (2d) 837) and concluded its opinion as follows:

A reasonable allowance for depletion should have been made to each of the petitioners, in computing their income for the years in question. And under the statute, it was proper to establish a fair market value of the mines as of March 1, 1913. *Reinecke* vs. *Spalding*, 280 U. S. 227. The statutes require a reasonable deduction for depletion. What is reasonable, under all circumstances, is a matter for the Board to determine. The orders are reversed and causes remanded.

The question for decision at this time is the fair market value at March 1, 1913, of the petitioners' depletable interests in the ore reserves. This question is the same as was before the Supreme Court in *Reinecke* v. *Spalding*, 280 U. S. 227. In that case the taxpayer claimed that the March 1, 1913, value was the amount which, if then put at simple interest would equal the amount of the royalty when it became payable. The Court rejected the method advanced by the taxpayer and said:

It was necessary for the taxpayer to show the illegality of the exactions. "The burden of establishing that fact rested upon it, in order to show that it was entitled to the deduction which the Commissioner had disallowed, and that the additional tax was to that extent illegally assessed." *Botany Mills* v. *United States*, 278 U. S. 282, 289, 290, 49 S. Ct. 129, 132, 73 L. Ed. 379; *United States* v. *Anderson*, 269 U. S. 422, 443, 46 S. Ct. 131, 70 L. Ed. 347. The real point is whether respondent established her claim for refund by adequate evidence.

\* \* \* \* \* \* \*

Under the statute it became necessary for respondent to establish the fair market value of her interest in the mines on March 1, 1913, or at least that such value was not below what she claimed it was. Otherwise she could not recover.

In these cases the petitioners contend that the March 1, 1913, value determined by the respondent was too low. The stipulated facts directed to the proof of value are, in brief, that on March 1, 1913, the interest rate on commercial investments was about 4½ per cent; that the lessee of the mines is a responsible company from the standpoint of royalty payments being assured; and that the hazards ordinarily inherent in mining operations were at a minimum in these particular mines. From these facts petitioners argue that March 1, 1913, value should be determined by applying to the stipulated net expected royalties a discount factor no higher than a 5 per cent compound interest rate.

In our opinion the method advocated by petitioners neither shows error in the value determined by the respondent nor is it sufficient to affirmatively establish March 1, 1913, value. *Reinecke* v. *Spalding*, *supra*. In these circumstances we must sustain the value determined by the respondent.

*Decision will be entered under Rule 50.*